***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. The date of the injury which is the subject of this claim is January 6, 2004.
2. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On all relevant dates, an employee-employer relationship existed between plaintiff and defendant-employer.
4. On all relevant dates, defendant-employer employed three or more employees.
5. The carrier on the risk for defendant-employer was ACE USA/ESIS.
6. Plaintiff's average weekly wage was $775.74, yielding a compensation rate of $508.82.
7. Defendant-employer, through Specialty Risk Services, accepted compensability of plaintiff's claim. In an Opinion and Award filed by the Full Commission on October 23, 2008, plaintiff was awarded ongoing total disability and medical compensation.
8. At the Deputy Commissioner's hearing, the parties submitted a notebook of various stipulated documents that was admitted into the record and marked as Stipulated Exhibit (2).
9. The issue before the Commission is whether Sue Gelarden should be removed as the rehabilitation professional for the provision of vocational rehabilitation services.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On January 6, 2004, while driving a passenger bus for defendant-employer en route to Atlanta, Georgia, plaintiff was physically attacked by a passenger. As the result of this *Page 3 
attack, plaintiff lost vision in his right eye and the pre-existing glaucoma in his left eye worsened, causing him to have limited vision in the left eye to 20% of the visual field. Plaintiff now meets the legal definition of blindness pursuant to the American Medical Association guidelines.
2. On July 19, 2005, defendants requested that rehabilitation professional Sue Gelarden perform a job analysis for plaintiff. Ms. Gelarden has an undergraduate degree in sociology from Lenoir Rhyne University and a Masters degree in Education with a specialty in counseling from Wake Forest University, and she is a Certified Rehabilitation Counselor, Certified Rehabilitation Management Specialist, Certified Case Manager, Certified Life Care Planner, and a Licensed Professional Counselor. Ms. Gelarden has provided vocational rehabilitation services for more than 30 years. Ms. Gelarden was initially requested to evaluate what would be needed for plaintiff to become an ordained minister, a vocation in which he expressed interest. Thereafter, Ms. Gelarden's work expanded to include full vocational rehabilitation services.
3. On September 12, 2005, Ms. Gelarden produced a report entitled "Voc Assessment/Closure" in which she addressed plaintiff's medical history, his current restrictions, vocational information related his education, career interest, job history, transportation, driving ability issues, and additional information.
4. From July 19, 2005 through October 18, 2007, Ms. Gelarden filed 21 reports regarding her vocational rehabilitation activities with plaintiff. Ms. Gelarden's office also performed a labor market survey for plaintiff on October 11 and 12, 2007.
5. Additionally, Ms. Gelarden researched possible service oriented jobs that did not require a higher education degree, developed a proposed rehabilitation plan for vocational services, investigated what services for the blind might benefit plaintiff, researched computer classes at a local community college in which plaintiff eventually enrolled, encouraged plaintiff to *Page 4 
pursue voluntary work opportunities on a short-term basis, met with plaintiff to discuss his progress, facilitated volunteer opportunities through Carolinas Medical Center, Hands On Charlotte, and Wilora Lake Nursing Home, and investigated a vocational evaluation process at Goodwill.
6. At Ms. Gelarden's suggestion, plaintiff began Bible study in January 2007 at Wilora Lake Nursing Home and continued that study through the date of the Deputy Commissioner's hearing.
7. The minister vocational option was not initially promising for plaintiff since the pastor at Church of God in Christ, a church of plaintiff's denomination, would not cooperate. Additionally, that church indicated that plaintiff would have to hold a leadership role and attend multiple services in order to qualify for ordination. However, plaintiff and Ms. Gelarden believe that this church position may be a viable option in the future.
8. Ms. Gelarden testified that plaintiff's lack of vision alone eliminates the primary jobs he has performed in the past and that direct job placement may be difficult.
9. Although plaintiff's initial position was that there were deficiencies in the vocational assessment, any such deficiencies, in plaintiff's opinion, have been remedied by Ms. Gelarden's deposition testimony on October 1, 2008. Additionally, plaintiff indicated that he enjoys working with Ms. Gelarden and desires to continue working with her in connection with vocational rehabilitation.
10. There has been no allegation that Ms. Gelarden has violated the Rules for Utilization of Rehabilitation Professionals in workers' compensation claims and no showing that she has failed to deliver appropriate vocational services to plaintiff. *Page 5 
11. The Commission finds that Ms. Gelarden is well qualified to provide ongoing vocational services to plaintiff and has demonstrated that she has provided him with reasonable vocational to services to date.
12. The Commission also finds that plaintiff has benefited from the vocational services provided by Ms. Gelarden. He has fully pursued the voluntary opportunity of holding a Bible study at a home for seniors and cooperated fully with the directives of Ms. Geraden.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
1. Defendants have not shown good cause for the removal of Ms. Gelarden as the rehabilitation professional as required by Rule IX of Rules for Utilization of Rehabilitation Professionals in workers' compensation claims.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants' motion to replace Ms. Gelarden as the rehabilitation professional is hereby DENIED.
2. Ms. Gelarden is ordered to make necessary changes to the vocational rehabilitation plan to make it relevant to the present and to update the plan with respect to plaintiff's medical condition. Further, Ms. Gelarden should familiarize herself with plaintiff's educational training, independently verify representations of plaintiff's vocational efforts, and follow up on all *Page 6 
reasonable potential avenues for employment.
3. Defendants are ordered to provide Ms. Gelarden with all medical documentation, including appropriate restrictions assigned by plaintiff's physicians.
4. Defendants shall pay the costs.
This 19th day of May, 2009.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1